# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EARL E. SYDNER, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 08-753-DRH ) |
| BOB LEDBETTER, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff Earl E. Sydner, currently an inmate in the Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such
>     relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## FACTS ALLEGED

On July 14, 2007, Sydner was sitting in a parking lot in Carbondale, Illinois waiting for friends. While he waited, Sydner was blocked in by police cars driven by Defendants Bunmer and Heavrin, and was informed by the Defendants that there had been a theft at the local Amtrak station. Sydner requested more information, and was told by Bunmer to sit down, and that someone was coming to "have a look" at him. When Sydner's friends arrived at the parking lot, they were told by Defendants Bunmer and Heavrin to leave.

After waiting 30 minutes, Sydner asked Bunmer and Heavrin whether he was under arrest. They informed him that he was not under arrest, so Sydner proceeded to walk away. Heavrin then stepped in front of Sydner and told him to "sit . . . down, you're not leaving until I say you can leave." Sydner then attempted to reason with Bunmer as the supervising officer, but was again told by Bunmer to sit down. Sydner unwillingly remained with Bunmer and Heavrin.

After being detained approximately 45 minutes, Defendant Johnson pulled up in a squad car with the victim, and spot lights were shown in Sydner's face. Heavrin and Bunmer then told Sydner to stand up, and that he was under arrest. Sydner was taken to the Jackson County jail to await a court appearance.

On August 3, 2007, Sydner's preliminary hearing took place, where the police report was admitted. The report stated that Sydner was detained because he was a Hispanic male fitting the description provided by the victim. Further, Johnson testified at the hearing that on the night in question Sydner, was *not* wearing clothing matching the description given by the victim. The charges against Sydner were dismissed and, once he was liberated, Sydner lodged a complaint against the arresting officers with the Internal Affairs division of the Carbondale Police Department. This complaint was ignored, seemingly because of a persistent practice of the Department to ignore

complaints made by minority citizens.

Sydner claims that his constitutional rights were violated by the arrest. He requests as relief a declaration of violation of those rights, nominal damages, compensatory damages in the amount of $150,000 against Defendants, and punitive damages in the amount of $120,000, and court costs.

## DISCUSSION

**COUNT 1:   Fourth Amendment**

Sydner claims that his constitutional right to be free from illegal search and seizure was violated when he was detained and questioned by Bunmer and Heavrin without justification. Sydner further claims that he was detained at the direction of Johnson because she was bringing the victim to the scene to identify the thief, after which Sydner was finally placed under arrest.

The Fourth Amendment requires all searches and seizures to be founded on objective justification, and includes seizures of the person, "including seizures that involve only a brief detention short of traditional arrest." *United States v. Mendenhall*, 446 U.S. 544, 551 (1980) (citing *Davis v. Mississippi,* 394 U.S. 721 (1969)). Where an officer has restrained the liberty of a citizen, by means of physical force or show of authority, a 'seizure' has occurred. *Terry v. Ohio*, 392 U.S. 1, 19 (1968). Whether a seizure is illegal depends on whether there was justification, and detaining and questioning an individual is constitutional only if the officers "reasonably suspected" the individual of perpetrating a crime. *Mendenhall*, 446 U.S. at 551.

From the alleged facts it seems that Bunmer and Heavrin detained Sydner before he was identified or placed under arrest because he is of Hispanic origin, as was the perpetrator of the crime. Whether this leads to a reasonable inference that Sydner was the thief is unclear, and thus this claim against Bunmer and Heavrin cannot be dismissed at this time.

As for Johnson, the facts indicate that once she arrived on the scene, the victim quickly

identified Sydner as the thief, and Sydner was placed under arrest. It does not seem that Johnson physically restrained Sydner before arriving with the victim, and she had a hand in restraining him only after the victim identified him. Because the identification by the victim provides justification for detention of Sydner, Johnson will be dismissed from this count.

**COUNT 2:    Equal Protection**

Sydner claims that based on the information contained in the police report, he was detained and ultimately arrested by Bunmer, Heavrin, and Johnson because he is a Hispanic male fitting the description of the perpetrator given by the victim. Johnson stated that Sydner's clothing did *not* match the description of that worn by the perpetrator, and Sydner was *not* arrested at the scene, leading Sydner to believe that he was arrested simply because of his Hispanic origin.

An individual who alleges an equal protection violation must prove "the existence of purposeful discrimination." *McCleskey v. Kemp* 481 U.S. 279, 292 (1987); citing *Whitus v. Georgia,* 385 U.S. 545, 550 (1967). It must be shown that there was discriminatory intent in order to establish a violation. *see Washington v. Davis*, 426 U.S. 229, 242 (1976); *Johnson v. City of Fort Wayne, Ind.,* 91 F.3d 922, 945 (7th Cir. 1996). Discriminatory intent and purpose is more than an awareness of consequences. It comes into being when the decision maker selected a particular course of action at least in part due to the adverse effects upon an identifiable group of individuals. *McCleskey v. Kemp*, 481 U.S. 279, 298 (1987).

The arrest report states that Sydner was arrested at least in part because of his Hispanic origin. Whether this is an effort to discriminate against all Hispanic individuals, or simply the arrest of an individual who happens to be Hispanic, remains to be seen. Because it is unclear at present whether Sydner was arrested in order to promote adverse effects on Hispanic individuals, this claim against Bunmer, Heavrin, and Johnson cannot be dismissed at this time.

**COUNT 3: Failure to Supervise**

Sydner's next claim is that Defendant Ledbetter, Carbondale's chief of police, is responsible for the actions of Bunmer and Heavrin, because he was negligent in the hiring and training of the officers. Sydner further claims that as the supervising officer on the scene, Bunmer had a duty to cease the violation of Sydner's rights. The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (quotation omitted); *see also Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based upon personal liability and predicated upon fault.").

A defendant "will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Chavez*, 251 F.3d at 652. This definition recognizes that the individual does not have to have participated directly in the deprivation. *See McPhaul v. Board of Comm'rs of Madison Co.*, 226 F.3d 558, 566 (7th Cir. 2000) (quotation omitted). Thus, a supervisor may be liable for "deliberate, reckless indifference" to the misconduct of subordinates. *See Chavez*, 251 F.3d at 651. ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.") *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001).

Sydner claims that because Bunmer and Heavrin seized him in violation of his rights, they were obviously improperly trained by Ledbetter. The threshold question is whether Bunmer and Heavrin acted of their own will despite training. It seems clear that Ledbetter, as chief of police, did not have a hand in the actions taken against Sydner, and thus this count against Ledbetter must be dismissed.

As to Bunmer's supervision of Heavrin, it appears that Heavrin may have been acting in

accordance with Bunmer's own actions. After Heavrin stopped Sydner and told him to sit down, Bunmer repeated this demand to Sydner, indicating his approval. Whether Bunmer's approval of Heavrin's actions amounted to violation of constitutional rights has not yet been shown, and for this reason this count against Defendant Bunmer cannot be dismissed at this time.

**APPOINTMENT OF COUNSEL**

Sydner has also made a motion requesting that the Court appoint him counsel (Doc. 3). There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, Sydner states that he has written to law firms and legal organizations, which might constitute a reasonable attempt.

With regard to the second step of the inquiry,"the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id*. Sydner's claims are not that factually complex, as set forth above. From a legal standpoint, the litigation of any constitutional claim falls in the range of complex. Nevertheless, based on the pleadings in this case, this Court concludes that - at this time -Sydner appears to be competent to litigate his case. Therefore, his motion for appointment of counsel is **DENIED**, without prejudice.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Defendant **JOHNSON** is **DISMISSED** as to **COUNT 1**, and Defendant **LEDBETTER** is **DISMISSED** from **COUNT 3**. Because no other claims are pending

against him, Defendant **LEDBETTER** is **DISMISSED** from this action with prejudice. Plaintiff is advised that the dismissal will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk shall prepare for Defendants **BUNMER, HEAVRIN** and **JOHNSON**: (1) a Notice of Lawsuit and Request for Waiver of Service of Summons; and (2) a Waiver of Service of Summons. The Clerk is directed to mail said forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's work address or employer address as provided by Plaintiff. If a Defendant fails to sign and return the Waiver to the Clerk within 30 days from the date said forms were sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the address provided by Plaintiff, the Correctional Center shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above, or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date on which a true and correct copy of any document was served on Defendants or their counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service

will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that Plaintiff immediately notify the court of any change in his mailing address and telephone number. Failure to notify the Court of any change in the mailing address will result in dismissal of this lawsuit, with prejudice.

Plaintiff's motion to expedite (Doc. 6) is now **MOOT**.

**IT IS SO ORDERED.**

**DATED:   July 7, 2009.**

  /s/     DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**