IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EARL E. SYDNER, JR.,**

    **Plaintiff**,

v.

**BOB LEDBETTER, et al.,**

    **Defendants.**                                        **08-cv-753-DRH-CJP**

## ORDER

**HERNDON, Chief Judge:**

      Before the Court is Plaintiff's *pro se* Motion to Appoint Counsel (Doc. 26). There is no absolute right to appointment of counsel in a civil case. **Hudson v. McHugh**, 148 F.3d 859, 862 n.1 (7th Cir. 1998). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the indigent [movant] made reasonable efforts to retain counsel or been effectively precluded from making such efforts before requesting appointment" and "(2) given the difficulty of the case, [does the movant] appear to be competent to [litigate] it himself." **Pruitt v. Mote**, 503 F.3d 647, 654-55 (7th Cir. 2007) **(citations**

**omitted) (stating that counsel, if warranted, should be provided not only for the purposes of trying a case, but for the "tasks that normally attend litigation" such as discovery and motions practice)**. As the Seventh Circuit has clarified, the Court should not ask whether appointed counsel could "present the case more effectively than the pro se plaintiff," but "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* **at 655**. Because the Seventh Circuit has recognized that there may not be a well-developed record available for the court to review when considering a motion to appoint counsel, it has directed district courts to approach the motion in a "practical" way, making the decision "in light of whatever relevant evidence is available on the question" when the motion is brought. *Id.*

With regard to the first step of the *Pruitt* analysis, it appears from Plaintiff's Motion that he has made an effort to seek legal representation from eight different attorneys – two of which replied that they were unable to take his case and six for which he has received no response. In support, Plaintiff has attached the two letters of response and one of his claimed six other unanswered letters of request for representation (Doc. 26, ¶ 6). In addition, the Court notes that Plaintiff has already been granted leave to proceed in forma pauperis (Doc. 7), which supports his assertion that he us unable to afford counsel (Doc. 26, ¶ 1). Plaintiff also has attached his recent inmate account statement. The Court finds that Plaintiff has met the first prong of the *Pruitt* analysis.

Regarding the second step of the ***Pruitt*** analysis, the Court recalls that earlier in this case, it denied Plaintiff's initial motion to appoint counsel, finding that although it was likely that Plaintiff's effort constituted a reasonable attempt to obtain counsel, his claims were not factually complex enough to warrant counsel (Doc. 8, p. 6). Instead, the Court found that Plaintiff appeared to be competent to litigate his case (*Id*.). Now, however, in Plaintiff's instant Motion, he states that he is under psychiatric care and taking anti-psychotic medication (Doc. 26, ¶ 5). In support, Plaintiff has attached chart copies of his prescription orders, which indicates he is suffering from "PTSD" (which the Court assumes stands for post traumatic stress disorder) and the accompanying prescribed anti-psychotic medications, two of which appear to be anti-depressants and one an anti-psychotic. Further, Plaintiff claims that he is having difficulty obtaining various medical records and other documentary evidence that he needs in order to respond to Defendants' document requests and litigate his claims (*Id*. at ¶ 6). In light of Plaintiff's new assertions and the accompanying documents, the Court finds that the issues involved in this case, although perhaps not of a complex nature for the average pro se litigant, may be too complex here, given Plaintiff's mental state and the fact that he is taking mood-altering medications. Accordingly, it is clear Plaintiff is not sophisticated enough to continue to litigate this matter without assistance of appointed counsel. As such, Plaintiff's Motion to Appoint Counsel (Doc. 26) is **GRANTED**. The Court hereby **APPOINTS** attorney **Stephen L. Corn** of the law firm of Craig & Craig, Mattoon,

Illinois, to represent Plaintiff, *pro bono*, in this matter.

Plaintiff is cautioned to consult with his counsel in this matter and to understand that it Mr. Corn who is the legal professional in this relationship. Without commenting on the validity of the matter in litigation, counsel is reminded and the Plaintiff is advised that counsel, even though appointed by the Court, has an obligation under the rules to refrain from filing frivolous pleadings.  As a consequence, counsel will likely, from time to time, advise Plaintiff against taking a certain course of action.  While Plaintiff may not totally agree with counsel's advice, Plaintiff should realize that in the long run, such advice will be in his best interest because it is in compliance with the law.  Also, counsel may advise Plaintiff to pursue additional claims or may advise Plaintiff to abandon certain existing claims.

Counsel, of course, maintains an ethical obligation to fully and vigorously represent his client, but only to the extent that it does not impede his ethical obligation to follow the rules of the Court and the law.  If Plaintiff wants to be represented by counsel he will have to cooperate fully with that counsel.  The Court is not obligated to and will not accept any filings from the Plaintiff individually while he is represented by counsel, except a pleading that asks that he be allowed to have counsel withdraw from representation.  Funds for the reimbursement of out-of-pocket expenses of counsel are very limited, but if Plaintiff prevails, the Court has the discretion to consider the reimbursement of expenses from the case proceeds. Counsel should use the utmost care in expending funds and in no event will funds be reimbursed if the expenditure is found to be without a proper basis.  Counsel

should consult the local rules and the District Court Fund plan for more information in this regard. Counsel should, in addition, note that the Court has recently allowed Plaintiff leave to amend his complaint by December 2, 2009, so that he may properly name a defendant he previously mistook for Sergeant Bunmer (*see* Doc. 27). Counsel should also take note of the current trial practice schedule (Doc. 23) and take appropriate action if further time is needed.

Finally, because the Court has just appointed Plaintiff counsel, it **FINDS AS MOOT** Plaintiff's Motion in Request for Subpoenas (Doc. 25), due to the fact that his newly-appointed counsel will be able to deal with Plaintiff's discovery issues, as stated in his Motion.

**IT IS SO ORDERED**.

Signed this 19th day of November, 2009.

/s/  *DavidRHerndon*

**Chief Judge**
**United States District Judge**